IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSE I. CALDERON                                                    PETITIONER

V.                                    No.  13-2257

SHELIA SHARP, Director
Department of Community Corrections; and
DALE OWEN.                                                          RESPONDENT

## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Motion for a Certificate of Appealability (ECF No. 45) filed December 3, 2014 and (ECF No. 47) filed December 4, 2014.  The Motion was referred to the undersigned on December 4, 2014 and the Government filed a Response (ECF No. 48) on December 9, 2014.

### I. Background

The Background is set forth in the Report and Recommendation (ECF No. 38), which was approved by the District Court on November 5, 2014 and an Order entered Dismissing the Petitioner's Motion (ECF No. 41).

### II. Discussion

**A.  First Five Claims:**

The Petitioner asserts in his Motion that "the district court failed to fully address the evident violation of his constitutional right of effective assistance of trial counsel, particularly in reference to his first five claims which the Court declined to review on their merits". (ECF No. 47, p. 5).

On March 28, 2014 the court entered an Order (ECF No. 11) which acknowledge that the first five grounds the Petitioner asserted in his Petition were clearly barred by the statutory limitations period, but the court felt that the Petitioner's sixth ground (Padilla claim) required the court to appoint an attorney and set the matter for a hearing. The court's order specifically provided:

> While the court has indicated that it believes the Petitioner's claims 1-5 would be barred by the limitations period the Petitioner's attorney shall not be precluded from advancing additional argument at the Evidentiary Hearing provided that any arguments shall have bee properly briefed at least 30 days prior to the Hearing. The Defendant's Response shall be filed 14 days prior to the Evidentiary Hearing." (Id., p. 8).

Prior to the Evidentiary Hearing the Petitioner never indicated to the court that he intended to contest the court's determination that Grounds 1-5 were barred by the limitations period and the court entered an Order (ECF No. 36) on August 14, 2014 limiting the Evidentiary Hearing to the Padilla claim. At the Evidentiary Hearing the Petitioner did not put forth any argument that he had any evidence to show that Grounds 1-5 should not be barred by the limitations period and in the Motion for Certificate of Appealability the Petitioner has not put forth any evidence to establish why his Grounds 1-5 are not barred.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)

-2-

**B. Padilla Claim:**

The Petitioner also asserts that although "this Court addressed the last claim (Padilla Claim) on the merits, Mr. Calderon also submits the Magistrate Judge erred in his factual findings and legal determination." (ECF No. 47, p. 5).

There is no dispute that Calderon was ordered deported long before he ever pled guilty in Arkansas. The record and evidence clearly establishes that a prior deportation order was entered against the Petitioner and that ICE filed a detainer against the Petitioner at the time of his arrest and he expected to be deported. As noted in the report and recommendation, Calderon admitted as much at the hearing. Given this undisputed fact there could be no prejudice from McCauley's failure to advise about immigration consequences flowing from his Arkansas guilty plea, even assuming she had failed to do so, but the evidence substantially supports the Petitioner's attorney's testimony that she fully advised him about the deportation consequences of his plea.

**C. Recent Supreme Court Cases:**

The Petitioner next claims that " in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he has overcome procedural default and this Court should have reviewed the claims on their merits." (ECF No. 47, p. 7).

In *Martinez*, the United States Supreme Court recognized the general rule set down in *Coleman v. Thompson*, 501 U.S. 722 (1991), that an attorney's negligence in state postconviction review does not amount to cause for a later default in federal habeas. The Court then crafted a "narrow exception" to the rule in Coleman and held that "where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a

-3-

procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective." Martinez, 132 S. Ct. at 1320.

The United States Supreme court revisited the procedural default issue *in Trevino v. Thaler* in 2013 and stated that they read Coleman "as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective- assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding." *Trevino v. Thaler* 133 S.Ct. 1911, 1918 (U.S.,2013) citing Martinez, supra, at ——, 132 S.Ct., at 1318–1319, 1320–1321.

While the *Martinez/Trevino* cases would mandate that a federal may excuse a state procedural default where the state law did not require the appointment of counsel in initial-review collateral proceedings those cases do not provide for equitable tolling of the limitations period established by 28 USCA 2244(d). The Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. *Arthur v. Thomas* 739 F.3d 611, 630 (C.A.11 (Ala.),2014). See Also *Cruchfield v. Hobbs*, 2014 WL 6871010 (2014); See Also *Reyes v. Hobbs,* Western District of Arkansas, 2:01-cv-02015; ECFNo. 33 (2014).

The Petitioner's case was not decided on a procedural default in state court but on the

-4-

limitations issue provided by federal statute (ECF No. 38).

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motions for Certificate of Appealability (ECF No. 45 and 47) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this December 30, 2014

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE